Shohl, P. J.,
concurring. The circumstances developed at the trial are so unusual that it is difficult to find any authority that covers the case exactly.
I concur in what is said in the foregoing opinion as to the proof of the identity of the accused. The matter which has given me most concern is the sufficiency of the evidence to establish that the act of the defendant was intentionally committed. If there was any eyewitness to the homicide he was not produced. The conduct of the defendant as he left the scene of the crime in driving off the officer at the point of his revolver, and his subsequent flight, tend to show guilt. Is there any evidence that this act was done with purpose to kill?
*223 An examination and consideration of the authorities leads me to the conclusion that the dictum in the case of Erwin v. State, 29 Ohio St., 186, referred to in the foregoing opinion, is correct.
Where the circumstances of a homicide are not known further than the mere fact that the death was caused by the use of a deadly weapon, and there are no facts or circumstances showing justification, excuse or extenuation, the jury may infer both malice and a purpose to kill. See Bailus v. State, 16 C. C., 226.
The matter of presumptions and inferences from the use of a deadly weapon is discussed in the note in 34 L. R. A., N. S., 74.
While the question is one that might well be settled by a direct decision of the supreme court, I concur in the conclusion that the judgment of the court below should be affirmed.